IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-CV-000175-RLV
(5:06-CR-00062-RLV-1)

| | |
|---|---|
| DAVID CHRISTOPHER CASTLE, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on an initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, Petitioner's Section 2255 motion will be DISMISSED.

## I. BACKGROUND

On June 10, 2008, the Court entered judgment finding Petitioner guilty of one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(B), and aiding and abetting the same, in violation of 18 U.S.C. § 2. Petitioner was sentenced to an active term of imprisonment of 108 months. (5:06-CR-00062, Doc. No. 25: Judgment in a Criminal Case at 1-2). Petitioner did not file a direct appeal from this judgment.

On November 16, 2012, Petitioner, through counsel, filed the present Section 2255 motion challenging his sentence on the basis of the Fourth Circuit's opinion in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), an en banc decision filed August 17, 2011. Petitioner contends that a prior felony conviction noticed by the Government in his criminal case no longer qualifies as a predicate felony offense and he is therefore entitled to be resentenced without the Court's consideration of the prior conviction. Petitioner argues that a recent Fourth Circuit

1

decision, United States v. Powell, 691 F.3d 554 (4th Cir. 2012), is not dispositive on the issue of whether the Petitioner, whose conviction became final in June 2008, is entitled to relief in this collateral proceeding.

In the alternative, in the event the Court finds that Petitioner is not eligible for relief in a Section 2255 proceeding, the Petitioner argues for relief under 28 U.S.C. § 2241, or pursuant to a writ of *coram nobis* or *audita querela*. (5:12-CV-000175, Doc. No. 1 at 1).

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein.

After examining the record in this matter, the Court finds that the claims in Petitioner's Section 2255 motion can be resolved without an evidentiary hearing based on the court record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 to include a one-year statute of limitations period for the filing of a motion to vacate. The limitation period runs from the latest of,

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if

that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Petitioner did not file a direct appeal from his conviction and sentence and his criminal judgment became final in June of 2008. The Fourth Circuit has recently explained the effect of its decision in United States v. Powell, and the Court is therefore bound to follow this directive. In United States v. Wheeler, 2012 WL 5417557, at *1 (4th Cir. filed Nov. 7, 2012) (unpublished), the Court explained that a "claim for retroactive application of the Supreme Court's opinion in Carachuri-Rosendo v. Holder, ___ U.S. ___, 130 S. Ct. 2577 (2010), and our opinion in United States v. Simmons, 649 F.3d 237, 241-45 (4th Cir. 2011) (en banc), fails in light of our recent opinion in United States v. Powell, 691 F.3d 554 (4th Cir. 2012)." See also United States v. Walker, 2012 WL 5359506, at *1 (4th Cir. filed Nov. 1, 2012) (unpublished), (holding that "Carachuri claims may not be raised retroactively in collateral proceedings.").

As Petitioner's criminal judgment was final in June 2008, or nearly four and half years ago, Petitioner is not entitled to relief based on the Simmons decision or based on the Supreme Court's holding in Carachuri-Rosendo.[1]

### IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 motion is

---

[1] Petitioner's alternative claims for relief must also be denied because each claim requires a finding that, in fact, Petitioner is entitled to retroactive application of Simmons. For the same reason, Petitioner is not entitled to equitable tolling because the Wheeler opinion makes clear that Petitioner is not eligible for collateral relief.

**DISMISSED** as untimely. (Doc. No.1).

  **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

  Signed: November 27, 2012

Richard L. Voorhees
United States District Judge