**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-CV-000175-RLV
(5:06-CR-00062-RLV-CH-1)**

| | |
|---|---|
| **DAVID CHRISTOPHER CASTLE,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

**THIS MATTER** is before the Court on remand from the United States Court of Appeals for the Fourth Circuit. (Doc. No. 11).

## I.  BACKGROUND

On December 20, 2006, Petitioner was indicted by the grand jury for the Western District on the following counts: Possession of at least five grams of crack cocaine with the intent to distribute and aiding and abetting others to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 18 U.S.C. § 2 (Counts 1 and 2); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 3). (5:06-CR-00062, Doc. No. 1: Indictment). On May 9, 2007, the Government served Petitioner with a notice pursuant to 21 U.S.C. § 851 of its intention to use a prior drug conviction to enhance his sentence. (Doc. No. 14: Section 851 Notice). On September 7, 2007, Petitioner entered into a plea agreement with the Government. In exchange for Petitioner's decision to plead guilty to Count 1, the Government agreed to dismiss the remaining counts in his indictment. (Doc. No. 17: Plea Agreement). On June 10, 2008, Petitioner was sentenced to 108-months' imprisonment for conviction on Count 1

1

and he is presently serving this sentence.

On November 16, 2012, Petitioner, by and through counsel, filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, and he pled alternative claims for relief under 28 U.S.C. § 2241, and through petitions for a writs of coram nobis or audita querela. (5:12-CV-000175, Doc. No. 3). Petitioner contended that his prior state conviction, which was noticed under § 851, is no longer a felony conviction because he could not have been sentenced to more than one year in prison. Petitioner therefore argued that his enhanced sentence should be vacated. Specifically, Petitioner argued that he was entitled to relief based on the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).

In Simmons, the Fourth Circuit held that in order for a prior felony conviction to serve as a predicate offense [for either a crime of violence or a controlled substance offense], the individual defendant before the sentencing court must have been convicted of an offense for which that defendant could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243. In reaching this holding, the Simmons Court expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), in which the Court held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." Id. (quoting Harp, 406 F.3d at 246) (emphasis omitted).

The Court dismissed the § 2255 motion as untimely on initial review and denied Petitioner's alternative claims for relief. (Doc. No. 4). Petitioner appealed to the United States Court of Appeals for the Fourth Circuit. United States v. Castle, No. 13-6129 (4th Cir. filed Jan. 30, 2013). On April 5, 2013, the Fourth Circuit, with the parties' consent, placed the appeal in

abeyance pending its decision in United States v. Miller, No. 13-6254 (4th Cir. 2013). (Doc. No. 10).[1] On August 21, 2013, the Fourth Circuit published its opinion in Miller and held that the holding in Simmons was retroactively applicable to cases on collateral review. Miller v. United States, 735 F.3d 141 (4th Cir. 2013).

## II. DISCUSSION

### A. Miller v. United States

In Miller, the Fourth Circuit considered a claim of actual innocence in a § 2255 proceeding following Miller's conviction for being a felon-in-possession of a firearm, in violation of 18 U.S.C. § 922(g). The grand jury in the Western District indicted Miller for the § 922(g) offense after finding that he had been convicted of a felony in state court in North Carolina which was punishable by more than one year in imprisonment under federal law. The record before the district court demonstrated that Miller had previous convictions in North Carolina for felony possession of cocaine and the felony offense of threatening a court officer. Petitioner was sentenced to a term of 6 to 8 months' imprisonment for each of those state convictions.

Miller did not appeal his § 922(g) conviction. Rather, some four years later he filed a § 2255 motion contending that in light of the holding in Simmons he was actually innocent because he did not have valid prior convictions for which he could have been sentenced to more than one year in prison. Consequently, as Miller argued, he had no prior felony which could

---

[1] This district appointed the Federal Defenders of Western North Carolina to represent defendants convicted in this district to determine if they might be eligible for post-conviction relief based on the holding in Simmons. See (3:12-mc-92: Order of Appointment, filed May 22, 2012).

support his § 922(g) conviction.[2] The district court denied collateral relief and Miller appealed.

In its opinion, the Court noted that at the time Miller was sentenced his prior state convictions were properly classified as felonies under then-existing precedent. Miller, 735 F.3d at 143-44 (citing Harp, 406 F.3d at 246). The Court then explained that the subsequent decision in Simmons had expressly overruled Harp by holding that whether a prior conviction actually serves as a felony, and exposes a defendant to in excess of one year imprisonment, can only be determined by examining the individual defendant before the sentencing court, and not a hypothetical defendant with the worst possible criminal record. Id. at 143. The Court observed that Miller, who had not been convicted of an offense for which he personally could have been sentenced to a term in excess of one year, did not appear to have a predicate state conviction to support his § 922(g) conviction.

The Court next examined whether Miller was entitled to the retroactive application of the Court's en banc decision in Simmons. The Court found that "Simmons did announce a substantive rule when it applied Carachuri's principles and then narrowed the class of offenders and range of conduct that can be subject to punishment." Miller, 735 F.3d at 147.[3] The Court then concluded that the substantive rule announced in Simmons is retroactive to cases on collateral review. Miller's § 922(g) conviction was therefore vacated and his case was remanded to the district court with directions that his § 2255 motion to vacate his conviction be granted.

B. Petitioner's Section 2255 Proceeding

Following the Fourth Circuit's remand in the present case, this Court entered an order

---

[2] "What constitutes a conviction [of a crime punishable by imprisonment for a term exceeding one year] shall be determined in accordance with the law of the jurisdiction where the proceedings were held." See Miller, 735 F.3d at 144-45 (quoting 18 U.S.C. § 921(a)(20)).

[3] Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010).

4

seeking the Government's position on Petitioner's claim for relief and the Government has filed a timely response. The Government has specifically agreed to waive the one-year statute of limitations under § 2255(f) in this case and has declined to seek enforcement of Petitioner's decision to waive his right to collaterally challenge his sentence. (5:12-CV-00175, Doc. No. 15 at 1). The Government notes that the one-year time limitation in § 2255 proceedings is normally an affirmative defense which it must plead. However, the defense may be waived. The Court observes that if the Government chooses intentionally to waive this defense then a district court is not simply free to ignore such a decision. See Wood v. Milyard, 132 S. Ct. 1826, 1834-35 (2012) ("[W]aiver is the 'intentional relinquishment or abandonment of a known right.'" (quoting Kontrick v. Ryan, 540 U.S. 443, 458, n.13 (2004) (internal citation omitted). The Court finds that the Government has made a knowing and deliberate waiver of this limitation defense and has specifically declined enforcement of the waiver provision in the plea agreement. Accordingly, the Court will proceed to consider the merits of Petitioner's claim and the Government's response thereto.

The parties agree that based on the current legal landscape, Petitioner's prior drug conviction does not qualify him for the recidivist enhancement under 18 U.S.C. § 851. See (Doc. No. 15: Government's Answer at 7-8) (citing Hicks v. Oklahoma, 447 U.S. 343 (1980) (finding that a defendant's rights under the due process clause are violated when a sentencing court is erroneously deprived of discretion in fashioning an appropriate sentence). The parties move the Court to reconsider its decision to deny relief and to enter an order vacating Petitioner's conviction and order that he be resentenced without consideration of Petitioner's prior state drug conviction.

The Court finds that based on the express holding in Miller, and noting the consent of the

5

Government, the Petitioner is entitled to relief in this collateral proceeding. For the reasons stated herein, and in accordance with the Fourth Circuit's mandate, the Court finds that Petitioner's motion to vacate should be allowed.

### III. CONCLUSION

**IT IS, THEREFORE ORDERED** that:

1. Petitioner's § 2255 motion to vacate his sentence of 108-months's imprisonment is **GRANTED**.

2. All remaining provisions of Petitioner's criminal judgment shall remain unchanged pending further orders of this Court. (5:06-CR-00062, Doc. No. 25: Judgment in a Criminal Case).

3. Petitioner shall remain in the custody of the Federal Bureau of Prisons pending his resentencing hearing.

4. The U.S. Probation Office shall prepare a supplemental Presentence Report in advance of Petitioner's resentencing hearing and file the same in the criminal case.

5. The Federal Defenders of Western North Carolina shall represent Petitioner for the purpose of the resentencing hearing.

6. The Clerk of Court shall coordinate the date of the resentencing with Chambers.

7. The Clerk's Office shall notify the Petitioner, the U.S. Attorney, the Federal Defenders of Western North Carolina, the U.S. Marshals Service, and the U.S. Probation Office of the date of the resentencing hearing.

8. The parties shall file sentencing memoranda no later than two (2) weeks prior to the resentencing hearing.

The Clerk of Court is directed to certify copies of this Order to the Federal Defenders of

Western North Carolina, the U.S. Attorney, the U.S. Marshals Service, and the U.S. Probation Office.

The Clerk of Court is respectfully directed to close this civil case and enter Judgment consistent with the foregoing Order.

**IT IS SO ORDERED.**

Signed: January 16, 2014

Richard L. Voorhees
United States District Judge